**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LYLE VORNIA MOODY,

        Plaintiff,

v.                            No. CV-10-0017 WJ/RHS

LUPE MARTINEZ MARSHALL, et al.,

        Defendants.

**ORDER REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**THIS MATTER** is before the Court *sua sponte*. In this lawsuit, Plaintiff claims that Defendants have denied his right to freely exercise his religious beliefs[1] contrary to the United States Constitution, the New Mexico Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), filed January 7, 2010 **[Doc. 1]**). Plaintiff seeks monetary damages, declaratory relief and injunctive relief.

Plaintiff claims that he previously "sough[t] relief from the Inmate Informal Complaint and Grievance procedure." (Complaint at CM/ECF page 61 (hand-numbered -7-)). In addition, Plaintiff attached copies of multiple inmate complaint and grievance forms to his Complaint. Nevertheless, Defendants contend that "Plaintiff has failed to adequately plead and prove that he exhausted all administrative remedies against Defendants as required under the Prison Reform Act [sic]." (Answer to Complaint ("Answer") at 3, filed Dec. 29, 2010 **[Doc. 17]**).

The Prison Litigation Reform Act ("PLRA") provides, *inter alia*, that "[n]o action . . . with respect to prison conditions" under § 1983 may be brought "by a prisoner confined in any

---

[1] Plaintiff alleges, *inter alia*, that Defendants improperly denied him access to certain clothing, items, religious services and diet related to his Muslim faith.

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although Plaintiff was apparently released from incarceration on November 24, 2010,[2] he filed his Complaint while incarcerated at the Western New Mexico Correctional Facility.  Because Plaintiff was incarcerated at the time he filed this action, he was required to comply with the exhaustion requirement.  See Norton v. The City Of Marietta, Okla., 432 F.3d 1145, 1150-1151 (10th Cir. 2005).  Despite Defendants' apparent belief to the contrary, however, "inmates are *not* required to specially plead or demonstrate exhaustion in their complaints."  Jones v. Bock, 549 U.S. 199, 216 (2007) (emphasis added); cited in Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007).  Rather, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts, 484 F.3d at 1241.

Accordingly, Defendants will be directed to file a brief (or, in the alternative, an appropriate motion) addressing whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint in this case.  Defendants shall attach or reference legible copies of any and all applicable policies, grievances, grievance logs, affidavits and other materials pertaining to the issue of Plaintiff's exhaustion of administrative remedies.  Plaintiff shall be permitted an opportunity to file a response to Defendants' brief or motion.

**WHEREFORE**,

**IT IS ORDERED** that Defendants shall file a brief (or, in the alternative, an appropriate motion) addressing whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint on or before **Tuesday**, **April 5, 2011**.

---

[2](See Notice of Change of Address, filed Dec. 15, 2010 **[Doc. 15]**; Answer at 1 ¶ 1).

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty (20) days after being served with a copy of Defendants' brief or motion regarding exhaustion to file a response.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE